Case number five for argument today is Bourke v. Collins. Good morning, Your Honor. Good morning. Mr. Flaxman. Thank you, Your Honor. May it please the Court. This is a Rehabilitation Act case. Mr. Bourke had been employed by the VA. In June of 2019, he asked for a reasonable accommodation for his disability. The VA granted that accommodation and gave Mr. Bourke a parking space adjacent to the door that he would enter the hospital. In March of 2020, the VA closed that door as part of the COVID stuff. Mr. Bourke arranged an informal accommodation, which he continued to enter through that door for about two months. In May of 2020, Mr. Schreier, who's the Human Resources and Rehabilitation and Reasonable Accommodation Specialist, became aware somehow that Mr. Bourke was still entering the door and told the VA police, don't let him enter the door anymore. Mr. Schreier did not initiate any discussions about how Mr. Bourke could be reasonably accommodated. He waited for Mr. Bourke to ask for a reasonable accommodation. The legal question in this case is, is that allowed? May an employer rescind? Mr. Plaxman, what remedy are you seeking? Damages for having to walk for that, I think, from May 14th of 2020. What should we do about Lane v. Pena, which holds that the Rehabilitation Act does not authorize damages against the United States? I was fearful coming before the court because I knew there was something that I missed and Your Honor pointed it out. I don't know. I haven't thought about that. It wasn't raised. But the Supreme Court has thought about it. I would like an opportunity to think about it and give the court my views on that. If we need further briefs, we will let you know. There were EEOC cases that we cited in the agency where money damages were awarded under the Rehabilitation Act. It wasn't raised by the government. Is it waivable or not? If it's jurisdictional, it's not waivable. Is it jurisdictional or not? If it's jurisdictional, it's not waivable. I will ask relief to submit a memorandum on that point. We will let you know if we want further briefing on that. And I will wait for any other questions. You could go ahead and discuss the merits because this is your only opportunity. If the court doesn't have jurisdiction, we're all wasting time discussing the merits. But we'll plow ahead because lawyers always like to talk. And I had a good breakfast this morning. And we're not going to ask you to move back. Case number one. I was here. If there's no relief that we can get... If we're entitled to a declaratory judgment that they violated his rights, Mr. Burke is entitled to attorney's fees, I would argue. And that would not be damages. That would be the nature of equitable relief. No. The Supreme Court has expressly rejected the argument that a request for attorney's fees keeps a case alive. If you want to discuss the merits, this is your only opportunity. I understand that. But if the court lacks jurisdiction... All right. We're not compelling you to do anything, Mr. Flaxman. I know. But if I'm wrong about jurisdiction and Your Honor is right, as is often the case when I come before this body, I'm wasting time arguing the merits. I will stand on the briefs, which I think will present the issues. Thank you. Thank you, Mr. Flaxman. Ms. Flores. So, is Lane against Pena jurisdictional? Because you certainly didn't stand on it. We did not stand on it. Our understanding is that employees are entitled to back pay or up to $300,000. Yeah, but there is no back pay. Correct. Not in this case. There's only damages. Yes. And Lane against Pena holds that the Rehabilitation Act does not authorize damages against the United States. The Supreme Court has been saying in recent years that sovereign immunity is jurisdictional. We have held otherwise, but may be overtaken by recent authority at the Supreme Court. Yes, Your Honor. I understand some of the case law on jurisdictionality, but we did not address the Lane case. I know you didn't. That's one reason why I raised it. The parties haven't mentioned what seems to be a smack-dead-on controlling decision of the Supreme Court, ignored by both sides. I can only say, as Mr. Flaxman said, that I'm happy to brief the case if the court wants us to address it. All right. Well, if we think we need more briefs, we will let both sides know. Okay. May I just state very briefly, then, regarding the merits. The VA fulfilled its obligations under the Rehabilitation Act when it replaced one reasonable accommodation, the plaintiff's original parking space with another reasonable accommodation, the same temporary accommodation being used by two other VA employees in response to a global pandemic. And as the District Court correctly found, the plaintiff did not present evidence that the offered accommodation was not reasonable. Was there an interactive process that occurred here? There was. So, yes, there was an interactive process, to answer your question directly. How it came about was perhaps a little unusual, given the circumstances of the pandemic. So, Mr. Schreyer's story with Mr. Flaxman was that he became aware that someone was entering that back door without the screener. It was not necessarily identified as Mr. Burke, and that they locked that door. So, after the door was locked, they found out that it was the plaintiff who had been entering the door, because he notified the police, I believe, and the coordinator that he had been locked out. At that point, they began the interactive process anew, right away. Within days, they identified the new reasonable accommodation. And unless the Court has any further questions, we ask that you affirm the District Court's decision. Thank you. Thank you, Counsel. Anything further, Mr. Flaxman? All right. The case is taken under advisement.